# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re**

JERRY DAVIS and CYNTHIA KAY DAVIS,

**Debtors.**

**Case No. 07-00622**
**Chapter 7**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Patrick J. Geile, FOLEY FREEMAN BORTON, Meridian, Idaho, Attorney for Debtors.

    Gary L. Rainsdon, Twin Falls, Idaho, Chapter 7 Trustee.

### *Introduction*

Debtors Jerry Davis and Cynthia Kay Davis filed a Motion to Avoid Lien (the "Motion"). Docket No. 20. The Court conducted a hearing concerning the Motion, has considered the submissions and arguments of Debtors' counsel, as

MEMORANDUM OF DECISION - 1

well as the applicable law, and now issues the following decision. This Memorandum disposes of the Motion. Fed. R. Bankr. P. 7052; 9014.[1]

## *Procedural History*

Debtors filed a chapter 7 petition on April 19, 2007. In their Statement of Financial Affairs, Debtors list 12 different civil actions in which they are named as defendants, some of which resulted in the entry of judgments and garnishment orders against them. It also appears that there are at least two judgments which have been recorded in county property records, but it is undisputed that Debtors owned no real property when they filed their petition.

In the Motion, Debtors seek an order from the Court "avoiding [the] fixing of the lien" resulting from the several listed civil actions because such lien "is a judicial lien (11 U.S.C. § 522(f)(1)(a)) or is a non-possessory, non-purchase money security interest, in property to which the Debtors have a claim of an exemption (11 U.S.C. § 522(f)(1)(b))." Docket No. 20.[2]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036.

[2] A copy of the Motion was mailed to those appearing on the creditor's matrix attached to the Motion. Of course, most of those creditors likely have no pecuniary interest in the outcome of the Motion. Of those creditors holding judgments against Debtors, or who are plaintiffs in the other pending actions, who were given notice of the

MEMORANDUM OF DECISION - 2

*Analysis and Disposition*

As a result of questioning Debtors' counsel during oral argument, as well as giving a fair reading to Debtors' supplemental briefing, it appears to the Court that the Motion is, in effect, a preemptive measure, invoked to protect Debtors' interest in any residential real property they might acquire in the future. Specifically, Debtors hope to utilize § 522(f)(1) as a basis for the Court to, essentially, order that Debtors' judgment creditors will acquire no lien against any of Debtors' post-bankruptcy real property. But, alas, Debtors' attempt to avoid judicial liens that do not yet exist on property they do not yet own is not authorized by the Code.

Section 522(f)(1)(A) allows the Court to avoid a lien to the extent that it impairs an exemption. The Code defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). By definition, then, in order for a lien to exist for bankruptcy purposes, Debtors must own an interest in property to which the purported lien may constitute a "charge against or interest in." Under Idaho law,

---

Motion, none appeared, although it is doubtful whether the information and vague, conclusory allegations in the Motion are adequate to satisfy due process concerns. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). No oppositions to the Motion were filed, nor did the Trustee oppose the Motion.

MEMORANDUM OF DECISION - 3

two things are necessary before an enforceable lien may exist: the first is an interest in property, and the second is a debt or obligation. *See Mechling v. Bonner County (In re Mechling)*, 02.4 I.B.C.R. 164, 166-67 (Bankr. D. Idaho 2002) (citing *North Carolina National Bank v. Wake Forrest University Employees' Federal Credit Union (In re Clowney)*, 19 B.R. 349, 352 (Bankr. M.D. N.C. 1982); *In re Thomas*, 102 B.R. 199, 201 (Bankr. E.D. Cal. 1989); *In re Yates*, 47 B.R. 460, 462 (Bankr. D. Colo. 1985)).  Here, Debtors own no real property, exempt or otherwise, so the provisions of § 522(f)(1)(A) are not available to them.

However, Debtors' desire to avoid the fixing of liens securing prebankruptcy claims on assets they acquire in the future, finds some support in the Code.  To ensure a debtor receives a fresh financial start as a result of seeking bankruptcy relief, a debtor's discharge serves as an injunction prohibiting any further attempts to collect debts falling within its scope.  As § 524 makes clear, a discharge voids most prepetition judgments against the debtor, and operates as an injunction prohibiting creditors holding prebankruptcy claims from commencing or continuing any legal actions against the debtor, or the debtor's property, to collect those claims.  *See Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1067 (9th Cir. 2002); *In re Homan*, 112 B.R. 356, 360 (9th Cir. BAP 1989).  Therefore,

MEMORANDUM OF DECISION - 4

unless creditors hold claims that are excepted from discharge under § 523(a), they may not attempt to collect from a debtor.

Even so, Debtors remain concerned that because some of their creditors hold recorded judgments, should they acquire real property in the future, those judgments might be viewed as creating liens against their interests in that property, thereby impairing their ability to deal in real estate. In this respect, the *Mechling* decision is instructive. In that case, the debtors sought a declaration that a creditor not be allowed to assert a statutory lien[3] against any real property obtained by the debtors in the future. The Court held:

> Recording a judgment creates a valid, enforceable judicial lien if either (1) a *res* exists at the time the judgment is recorded, or (2) assuming the lien may properly attach to after-acquired property, such property is obtained prior to bankruptcy. . . .
> At and from the time the [creditor] recorded its Notice, and up to the time the Debtors filed bankruptcy, no *res* ever existed on which the lien could attach. Thus, the Court concludes that the [creditor] held no valid and enforceable lien in property of the Debtors in existence at the time of the bankruptcy filing.
>
> The underlying obligation to the [creditor] was discharged in the Debtors' bankruptcy. Even if the statutory lien could attach to after-acquired property outside of bankruptcy, the absence of a *res* at filing

---

[3] Although *Mechling* involved a statutory lien, the analysis employed by analogy considered judicial liens.

MEMORANDUM OF DECISION - 5

> and the effect of the bankruptcy discharge eliminates
> any *post hoc* attachment of the lien here.

*Id.* at 167.

Debtors' concerns should also be assuaged in a decision of the United States Supreme Court, *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934), cited by the *Mechling* Court, which observed:

> An adjudication of bankruptcy, followed by a
> discharge, releases a debtor from all previously
> incurred debts, with certain exceptions not pertinent
> here; and *it logically cannot be supposed that the
> [Bankruptcy] [A]ct nevertheless intended to keep such
> debts alive for the purpose of permitting the creation
> of an enforceable lien upon a subject not existent when
> the bankruptcy became effective* or even arising from,
> or connected with, preexisting property, but brought
> into being solely as the fruit of the subsequent labor of
> the bankrupt.

292 U.S. at 243 (emphasis supplied). In short,

> the reach of both [real property and personal property]
> liens is circumscribed when a bankruptcy is filed. If
> properly asserted and perfected prior to bankruptcy,
> the liens are limited to the real or personal property
> that existed as of the petition date. "The lien does *not*
> attach to property or a right to property acquired by a
> debtor after a petition in bankruptcy has been filed and
> [where] the underlying . . . liability is discharged
> against the debtor personally."

*Mechling,* 02.4 I.B.C.R. at 166 (citing *Pansier v. United States*, 225 B.R. 657, 661 (E.D. Wis. 1998) (emphasis in original)).

MEMORANDUM OF DECISION - 6

Thus, while the Code provides no mechanism for the Court to preemptively order that no lien for a prepetition debt ever attach to Debtors' after-acquired property, such an order appears unnecessary. In this case, there are no judgment liens because there is no real property; Debtors' personal liability has been discharged, and future efforts to collect on the judgments are prohibited by the discharge injunction. Should a creditor make such collection efforts against after-acquired property, that creditor could be subject to sanctions. *Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006).

### *Conclusion*

Debtors did not demonstrate they are entitled to the relief requested in the Motion. The Motion will be denied in a separate order.

Dated: September 13, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 7